IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAFAEL SANTOS, :
:
    Petitioner : CIVIL NO. 3:11-CV-2270
:
v. : (JUDGE NEALON)
: (MAGISTRATE JUDGE BLEWITT)
DAVID EBBERT, WARDEN, :
:
    Respondent :

**<u>MEMORANDUM</u>**

On December 8, 2011, Rafael Santos ("Petitioner"), an inmate currently incarcerated at the Allenwood Federal Correctional Institute in White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his 1989 criminal conviction in the United States District Court for the Southern District of New York. (Doc. 1). Petitioner also filed a motion to appoint counsel. (Doc. 3). Pursuant to Rule 4 of the Rules Governing Section 2255 Cases, Magistrate Judge Thomas M. Blewitt screened the petition. See U.S.C. Sec. 2255 Cases R. 4; <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (Nealon, J.) (applying the Rules Governing Section 2254 Cases to a section 2241 petition under Rule 1(b)). On January 31, 2012, Magistrate Judge Thomas M. Blewitt issued a Report and Recommendation ("R&R") recommending that the habeas petition be dismissed for lack of jurisdiction. (Doc. 9). On February 9, 2012, Petitioner filed objections to the R&R. (Doc. 10). For the reasons set forth below, the R&R will be adopted.

**<u>Background</u>**

The R&R thoroughly outlines the factual and procedural history of this case, which will not be repeated in <u>toto</u> here. See (Doc. 9, pp. 1-6). Significantly, in September 1988, two Drug

Enforcement Administration ("DEA") confidential informants bought cocaine from Rafeal Romero and Albert Rodriguez in an apartment used for large-scale drug trafficking operations. (Id.); see also United States v. Romero, 897 F. 2d 47, 49 (2d Cir. 1990), cert. denied, 497 U.S. 1010 (1990); United States v. Romero, et al., No. 1:88-cr-642 (S.D.N.Y. September 20, 1988). During the drug transaction, Petitioner hid in a closet, armed with a .357 Magnum revolver, as a look-out in case anything went wrong. Id. A jury found that when DEA agents raided the apartment, Petitioner shot one of the agents in the face causing serious injuries. Id. Petitioner and one of the DEA informants were also injured in the ensuing gun battle. Id. On March 14, 1989, the jury convicted Petitioner of conspiracy to distribute more than five (5) kilograms of cocaine, 21 U.S.C. § 846; possession of approximately one (1) kilogram of cocaine with intent to distribute, 21 U.S.C. § 841; conspiracy to murder a federal officer, 18 U.S.C. § 1117; attempted murder of a federal officer, 18 U.S.C. §§ 1111 and 1114; assault of a federal officer with a deadly weapon, 18 U.S.C. § 111; use of a firearm during the course of a narcotics trafficking offense, 18 U.S.C. § 924(c); and receipt and possession of a firearm with a defaced serial number, 26 U.S.C. §§ 5861(h). Id. Petitioner received concurrent sentences of life imprisonment on each of the conspiracy charges, twenty (20) years for attempted murder, ten (10) years each for the assault and the possession, and a consecutive five (5) years for use of a firearm and receipt of a defaced firearm. Id. Petitioner's conviction and sentence were affirmed on direct appeal and a petition of writ of certiorari was denied by the United States Supreme Court. Id.

On March 3, 1993, Petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court. See Santos v. United States, 1993 U.S. Dist. LEXIS 9735 (S.D.N.Y. 1993); see also United States v. Romero, et al., 1:88-cr-642 (S.D.N.Y. filed September 20, 1988).

The United States District Court for the Southern District of New York dismissed the petition, concluding that Petitioner was barred from collateral review because he failed to raise his claims on direct appeal and could not establish cause to excuse his procedural default. Santos, 1993 U.S. Dist. LEXIS 9735 at *4-6.

Petitioner filed several additional section 2255 motions in the Southern District of New York. See Santos v. Dodrill, No. 3:02-cv-1449 (M.D. Pa. filed August 19, 2002) (Nealon, J.) at (Doc. 21) (The Third Circuit Court of Appeals noted that Petitioner's first motion pursuant to 28 U.S.C. § 2255 was denied by the sentencing court in 1993, he voluntarily dismissed his second section 2255 motion, and a third section 2255 motion was denied in 2002.). He currently has an application for DNA testing pending with the trial court. (Doc. 1, Ex. A); United States v. Romero, et al., 1:88-cr-642 at (Doc. 140) (S.D.N.Y. September 19, 2011).

On August 19, 2002, Petitioner filed his first[1] section 2241 habeas corpus petition in this Court. Santos, No. 3:02-cv-1449 (M.D. Pa. 2002) (challenging his New York sentence based on Ring v. Arizona, 536 U.S. 584 (2002)[2]). The petition was dismissed for lack of jurisdiction because 28 U.S.C. § 2255 provided an adequate and effective remedy. Id. at (Docs. 10, 14). This decision was affirmed on appeal by the Third Circuit Court of Appeals and a petition for

---

[1] Petitioner filed another habeas corpus petition pursuant to 28 U.S.C. § 2241 with this Court on August 19, 2010, requesting that the prison be directed to reinstate his grade-one pay status. See Santos v. Ebbert, No. 3:10-cv-1746 (M.D. Pa. August 19, 2010) (Nealon, J.). His petition was dismissed because such a claim is not cognizable in habeas corpus. Id. at (Docs. 5, 8). No appeal was filed. Petitioner also filed a civil rights complaint with this Court, which was dismissed on August 11, 2011. See Santos v. United States, No. 3:11-cv-040 (M.D. Pa. January 6, 2011).

[2] The United States Supreme Court in Ring held that it is unconstitutional for a sentencing judge, sitting without a jury, to find aggravating factors necessary to impose the death penalty.

3

writ of certiorari was denied by the United States Supreme Court. Id. at (Docs. 21, 23).

The instant habeas petition, pursuant to 28 U.S.C. § 2241, was filed on December 8, 2011. (Doc. 1). Petitioner alleges, inter alia, that he did not fire his weapon at the DEA agents; rather, one of the DEA agents accidently shot Agent Travers. (Id. at pp. 14, 32). Petitioner claims that the shots he fired either went into the floor or into his own hand. (Id.). He believes DNA testing of the bullet will confirm his theory and has submitted an application for DNA testing in the trial court. (Id., Ex. A). Petitioner argues that this new evidence will support a conviction for attempted felony murder, but will exonerate him of conspiracy and attempted murder or assault of a federal officer. (Id. at p. 32).

Petitioner claims that in 1991, years after his trial, several newspaper articles were published stating that Group 33 DEA agents were being investigated for wrongful activity and that the United States Attorney's Office was aware of the complaints no later than August 1990. (Doc. 1, pp. 23-25). He alleges that Group 33 DEA agents, including Agents Geisel, Hunt, and Travers, were involved in his case, but the Government failed to disclose information regarding their misconduct in violation of Brady v. Maryland, 373 U.S. 83 (1963), and that he was thereby denied due process. (Id. at pp. 23-25, 31-45). Petitioner alleges that he would not have been convicted if the jury was aware of the credibility issues with the DEA agents. (Id.) (citing United States v. Wallach, 935 F.2d 445 (2d Cir. 1991)).[3] He acknowledges that there is no proof the

---

[3]The Wallach court concluded that if the prosecution knew or should have known of the perjured testimony, the conviction must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury; however, if the prosecution was unaware of a witness' perjury, a new trial is only warranted if the testimony was material and the court firmly believes that but for the perjured testimony, the defendant would most likely not have been convicted. Wallach, 935 F.2d at 456 (citations omitted).

4

Government had such information before 1990, but argues that should not be the end of the Brady inquiry because the Government had this knowledge at the time of Petitioner's direct appeal and first section 2255 motion. (Id.). Additionally, he claims the Government knew of the glaring instances of misconduct prior to his arrest and should have been more diligent in investigating these agents. (Id. at p. 43).

Petitioner acknowledges that a habeas corpus petition under 28 U.S.C. § 2241 is not a substitute for a section 2255 motion and may not be used merely because he is procedurally barred from filing under section 2255. (Doc. 1, p. 4). However, he asserts that section 2241 is the proper vehicle for him to obtain relief because he is actually innocent. (Id. at p. 2). Petitioner argues that his actual innocence creates an exception to the procedural default barriers regardless of whether he can show cause for failing to bring the claims earlier. (Id. at pp. 27-30), citing Schlup v. Delo, 513 U.S. 298 (1995) (A claim of actual innocence requires the petitioner to support his allegations of constitutional error with new reliable evidence that was not presented at trial.); Coleman v. Thompson, 501 U.S. 722 (1991) (holding that where a state prisoner has defaulted his federal claims in state court, habeas review is barred unless he can show cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice). Petitioner alleges he is actually innocent of conspiracy to murder and attempted murder of a federal agent. (Id. at pp. 31- 34). He contends that without the testimony of Agents Geisel and Hunt he would not have been convicted of the most serious offenses. (Id. at pp. 31-34, 39-44).

**The R&R**

The R&R explains that a "motion under 28 U.S.C. § 2255 is the proper procedure for a

federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." (Doc. 9, p. 11) (quoting Paulino v. United States, 2010 U.S. Dist. LEXIS 61100 (W.D. Pa. 2010)). Magistrate Judge Blewitt finds that the instant habeas claims fall within the purview of section 2255 because they challenge the validity of Petitioner's conviction and sentence. (Id.), citing Manna v. Schultz, 591 F.3d 664, 665 (3d Cir. 2010) (holding that the prisoner's claim of newly discovered evidence regarding a prosecution witness which the government failed to disclose was cognizable under 28 U.S.C. § 2255), cert. denied, 131 S. Ct. 192 (2010).

The Magistrate Judge concludes there is a high bar to allow a petitioner to seek relief under section 2241. (Doc. 9, p. 13). Magistrate Judge Blewitt reasons that simply because Petitioner's prior motions were denied, section 2255 is not inadequate or ineffective. (Id. at p. 10), citing Romero v. Holt, 240 Fed. Appx. 934 (3d Cir. 2007);[4] Fake v. Yost, 416 Fed. Appx. 133 (3d Cir. 2011) (holding that section 2255 is not inadequate or ineffective to raise a Brady claim merely because the sentencing court denies relief). The Magistrate Judge rejects Petitioner's argument that section 2255 is unavailable because he did not discover the Brady violation until after the time expired to file a motion to vacate. (Doc. 9, p. 12). The R&R explains that Petitioner can still file a motion with the Second Circuit Court of Appeals seeking permission to pursue a successive section 2255 motion. (Id.), citing Berry v. Lamer, 1997 U.S.

---

[4] In Romero, Petitioner's co-defendant attempted to bring a habeas corpus petition under 28 U.S.C. § 2241 after unsuccessfully petitioning the trial court to vacate his sentence under section 2255. Romero, 240 Fed. Appx. 934; Romero v. Holts, No. 1:06-cv-2179 (M.D. Pa. filed November 7, 2006); (Doc. 9, pp. 3-4). The District Court dismissed the habeas petition for lack of jurisdiction, concluding that section 2255 is not inadequate or ineffective to test the legality of detention. Id. The Court also rejected the actual innocence claim. Id. This ruling was affirmed on appeal. Id.

6

Dist. LEXIS 23845, *17 (M.D. Pa. 1997) (Kosik, J.) (determining that because it is the inefficacy of the remedy, not a personal inability to utilize it, two orders from the circuit court warning the petitioner that no other motions would be entertained did not render his remedy by way of section 2255 inadequate or ineffective). The R&R cites Green, which held that a successive section 2255 motion must be certified by the court of appeals to contain either (1) newly discovered evidence that, if proven, would be sufficient to establish that no reasonable factfinder would have found the petitioner guilty, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. (Id.), citing Green v. Apker, No. 4:05-cv-780 (M.D. Pa. April 18, 2005) (McClure, J.) at (Doc. 3, p. 6), affirmed, 153 Fed. Appx. 77 (3d Cir. 2005); see also 28 U.S.C. § 2255(h). The Magistrate Judge determines that Petitioner does not claim his conduct was legal, but alleges his actions constituted, at most, attempted felony murder. (Doc. 9, p. 8). Additionally, Magistrate Judge Blewitt finds that Petitioner does not contend he was convicted of conduct later found to be non-criminal by an intervening change in substantive law. (Id. at p. 9) (stating, "Petitioner concedes that his conduct was unlawful but he denies he was guilty of the charged offenses"). Consequently, the Magistrate Judge determines that because section 2255 is not inadequate or ineffective, Petitioner may not seek relief under section 2241 and this Court lacks jurisdiction. (Id. at pp. 4, 9). He recommends that the habeas petition be dismissed. (Id. at p. 14).

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989);

Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.); Cf. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.) (In the absence of objections, review may properly be limited to ascertaining whether there is clear error.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

**Discussion**

In light of Petitioner's objections to the R&R, de novo review will be conducted.

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. Davis v. United States, 417 U.S. 333, 343 (1974); O'Kereke v. United States, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "channels collateral attacks by federal prisoners to the sentencing court rather than to the court in the district of confinement so that they can be addressed more efficiently." Fraser v. Zenk, 90 Fed. Appx. 428, 430 n.3 (3d Cir. 2004), citing United States v. Hayman, 342 U.S. 205, 210-19 (1952). The court of confinement lacks jurisdiction to consider a prisoner's section 2255 motion. Lugo, 427 Fed. Appx. at 92.

Furthermore, "[b]efore a second or successive application permitted by this section is

filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Where a petitioner fails to obtain prior authorization from the court of appeals, the sentencing court lacks jurisdiction over a second or successive section 2255 motion. Lugo v. Zickefoose, 427 Fed. Appx. 89, 92 (3d Cir. 2011); see also 28 U.S.C. § 2255(h) ("A second or successive motion must be certified ... by a panel of the appropriate court of appeals..."). "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. See 28 U.S.C. § 2255(e); O'Kereke, 307 F.3d at 120 (stating that this exception is extremely narrow). "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claim of wrongful detention.'" Yuzary v. Samuels, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002)). The burden is on the petitioner to make such a showing. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Importantly, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Yuzary, 269 Fed. Appx. at 201;

Cradle, 290 F.3d at 539; In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). However, section 2255 may be inadequate or ineffective where a change in law has rendered the petitioner actually innocent. See Amar Khalid Abed v. Bledsoe, 2012 U.S. App. LEXIS 6709, *4 (3d Cir. 2012). "If a [petitioner] improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction." Pryce v. Scism, 2011 U.S. Dist. LEXIS 1171, *8 (M.D. Pa. 2011) (Jones, J.) (citing Application of Galante, 437 F.2d at 1165).

After de novo review, this Court agrees with Magistrate Judge Blewitt that Petitioner's claims are controlled by 28 U.S.C. § 2255. Although Petitioner previously filed a section 2255 motion and does not have authorization from the court of appeals to file a successive application in the sentencing court, section 2255 is not inadequate or ineffective. Consequently, this Court lacks jurisdiction to hear Petitioner's claims in a section 2241 petition.

In his objections, Petitioner asserts that because he challenges his convictions, not simply the sentence imposed, his claims do not fall exclusively under 28 U.S.C. § 2255. (Doc. 10, ¶ 1). As previously stated, however, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions **or** sentences that are allegedly in violation of the Constitution." Nichols v. United States, 2012 U.S. App. LEXIS 7144, *2-3 (3d Cir. 2012) (emphasis added), citing Okereke, 307 F.3d at 120; 28 U.S.C. § 2255(a). See also Holland v. Holt, 2012 U.S. App. LEXIS 4607 (3d Cir. 2012) (affirming dismissal of the petitioner's section 2241 petition, which sought to challenge the validity of his conviction, because 28 U.S.C. § 2255 was not inadequate or ineffective). This objection will be overruled.

Next, Petitioner argues that 28 U.S.C. § 2241 is the appropriate vehicle to seek the requested relief because he is actually innocent of the crimes charged and his conviction was

obtained in violation of due process. (Doc. 10, ¶ 1). Petitioner asserts that unlike his co-defendant in Romero, 240 Fed. Appx. 934, he alleges actual innocence of all the crimes of conviction, not simply the conspiracy to murder a federal officer. (Id.). Petitioner contends that his conduct did/does not violate federal law. (Id. at ¶ 2). He objects to the Magistrate Judge's statement that Petitioner does not claim his conduct was legal. (Id.).

This objection is in direct conflict with the habeas petition wherein Petitioner asserts only that his "convictions for violating 18 U.S.C. §§ 111, 1111, 1114, and 1117 cannot stand." (Doc. 1, pp. 32, 34) (alleging actual innocence solely of "conspiracy to murder, attempted murder, and assault on a federal agent"). The habeas petition does not challenge Petitioner's convictions under 21 U.S.C. §§ 841, 846, 924(c), or 26 U.S.C. § 5861(h). In fact, Petitioner "acknowledged possessing a weapon, and that he discharged the weapon." (Id.). The habeas petition states, "Petitioner does not claim that his conduct was legal, or otherwise correct." (Id. at p. 34). Therefore, there is no error in the Magistrate Judge's findings.

Petitioner's actual innocence objection will also be overruled. According to the habeas petition, Petitioner admitted at trial that he was in the apartment to protect his co-defendant's business transactions, which was drug trafficking, and that he possessed a firearm, which had an altered serial number. (Doc. 1, pp. 13-14); see also 18 U.S.C. § 924(c) (prohibiting the using or carrying of a firearm during the course of a narcotics trafficking offense); 26 U.S.C. §§ 5861(h) (criminalizing the possession of a firearm with a defaced serial number). Petitioner's own testimony established his guilt of at least one of the charges of conviction. Habeas jurisprudence allows the courts to hear a successive petition to avoid a miscarriage of justice only if the petitioner makes a "strong showing of actual innocence." United States v. Kenney, 391 Fed.

Appx. 169, 172 (3d Cir. 2010) (holding that section 2255's "safety valve" is extremely narrow). However, the actual innocence exception to procedurally defaulted claims does not apply "where a petitioner is actually innocent of only one charge or one part of his sentence other than the death penalty." United States v. Bates, 2008 U.S. Dist. LEXIS 1096, *18 (M.D. Pa. 2008) (Caputo, J.). Therefore, the exception does not provide Petitioner relief.

Moreover, "evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed [the prosecution witness's] account of petitioner's actions." Sawyer v. Whitley, 505 U.S. 333, 349 (1992); see also Hadjar v. Brooks, 2008 U.S. Dist. LEXIS 89094, *12-13 (E.D. Pa. 2008) (determining that "the proposed impeachment testimony would not establish Petitioner's actual innocence"). See also Smith v. Nish, 2008 U.S. Dist. LEXIS 82256, *24 (W.D. Pa. 2008) (concluding that in "order to make a showing of actual innocence a petitioner ... must establish that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence") (internal quotations omitted). Habeas relief based on the newly discovered evidence regarding Group 33's misconduct has been repeatedly denied. See Mejia v. United States, 2004 U.S. Dist. LEXIS 18137 (S.D.N.Y. 2004) (denying the section 2255 motion, which challenged a 1988 narcotics conviction based on the newly discovered evidence regarding Group 33's misconduct, because the problems regarding one of the relevant agents surfaced well after the petitioner's convictions); Harris v. United States, 999 F. Supp. 578, 581 (S.D.N.Y. 1998) (denying the section 2255 motion to vacate a 1989 conviction on the basis of newly discovered information regarding Group 33's misconduct), quoting United States v. Spencer, 4 F.3d 115, 119 (2d Cir. 1993) ("The discovery of new evidence which merely discredits a government

witness and does not directly contradict the government's case ordinarily does not justify the grant of a new trial."); Marinez v. United States, 1996 U.S. Dist. LEXIS 1252, *7-8 (S.D.N.Y. 1996) (denying habeas relief regarding a 1995 conviction and finding no Brady violation because the earliest date the government had any information concerning the Group 33 agents' credibility is June 21, 1990), citing United States v. Reyes, 49 F.3d 63, 68 (2d Cir. 1995) ("concluding that new evidence impeaching Hunt's credibility did not warrant a new trial"); Batista v. United States, 1995 U.S. Dist. LEXIS 11779, *7-8 (S.D.N.Y. 1995) (denying a section 2255 motion to vacate a 1989 conviction because the petitioner failed to allege facts demonstrating that, at the time of his trial, the government was aware of any impeachment evidence against Agents Hunt or Diaz that it was required to turn over under Brady).

Petitioner's actual innocence argument is further refuted by the determination of the Second Circuit Court of Appeals, when addressing an appeal by Petitioner's co-defendant, that there is "no evidence that the DEA Agents acted improperly in [t]his case...." Romero v. United States, 28 F.3d 267, 268-269 (2d Cir. 1994). Although Petitioner claims that this decision is not dispositive because it was made prior to the discovery of Group 33's "wide pattern of corruption" and because he alleges actual innocence of all charges, not just the conspiracy to murder a federal agent, his objection will be overruled. (Doc. 10, ¶ 1). First, the conduct of Group 33 was known by the appellate court and formed the basis of Romero's motion. See Romero, 28 F.3d 267. Second, this Court previously determined that the instant habeas petition does not allege actual innocence to all charges. See (Doc. 1, pp. 32, 34).

In his third objection, Petitioner submits that his habeas motion is entitled to liberal construction. (Doc. 10, ¶ 3), citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro

se complaints are to be liberally construed). He suggests that the Magistrate Judge should have considered the "thrust, not just the text" of his arguments and erred in failing to address the merits of Petitioner's claims. (Doc. 10, ¶ 3) (stating that federal courts are instructed to ignore the legal label a pro se litigant puts on a motion). Petitioner asserts that before a pro se filing may be dismissed it must be insufficient "as a whole" to state any ground for jurisdiction. (Id.).

Despite Petitioner's objections, this Court concludes that Magistrate Judge Blewitt correctly determines that Petitioner's habeas claims should be dismissed for lack of jurisdiction, without review of the merits.[5] See Lugo, 427 Fed. Appx. at 92 (holding that the court of confinement lacks jurisdiction to consider a prisoner's section 2255 motion). De novo review confirms that the Magistrate Judge did consider the "thrust" of Petitioner's arguments, but the law requires such claims to be raised in the sentencing court. Additionally, the R&R applies the correct standard of review. See (Doc. 9, p. 3 n.2), citing U.S.C. § 2255 Proc. R. 4 ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion..."). Petitioner's objections on these grounds will be overruled.

Petitioner also objects to the Magistrate Judge's failure to consider the "cause and prejudice" requirements of procedural default, arguing that this claim could not have been raised on direct appeal. (Doc. 10, ¶ 3).

Accepting that the challenge regarding Group 33's misconduct could not have been raised

---

[5]This Court does address Petitioner's actual innocence claim to the extent that it might offer an exception allowing him to proceed under 28 U.S.C. § 2241. See United States v. Lynch, 807 F. Supp. 2d 224, 230 n.1 (E.D. Pa. 2011) (finding that the Third Circuit Court of Appeals has "suggested that the actual-innocence standard would also apply under an alternative form of collateral review, a habeas corpus petition under § 2241").

on direct appeal, this Court concludes that Petitioner offers no explanation for why he failed to bring the issue in his first motion to vacate sentence. His first section 2255 motion was filed in 1993, two years after stories that Group 33 DEA agents were being investigated for wrongful activity were published, but raised only issues with the sentencing guidelines. See Santos, 1993 U.S. Dist. LEXIS 9735; (Doc. 1, pp. 23-25). Thus, Petitioner has not shown cause for failing to raise the Brady claim and Group 33's misconduct in his first section 2255 motion and his objections will be overruled.

In his last objection, Petitioner argues that this Court has broad authority to prevent a gross miscarriage of justice and should exercise its plenary powers. (Doc. 10, ¶ 4). Petitioner suggests that this Court should transfer his petition to the Southern District of New York to be merged with his pending motion for DNA testing. (Id.).

As previously discussed, Petitioner cannot establish his actual innocence. Accordingly, there will be no miscarriage of justice if his claims are not heard. See Brown v. Bledsoe, 2012 U.S. Dist. LEXIS 3229, *21-22 (M.D. Pa. 2012) (Nealon, J.) ("Habeas jurisprudence allows the courts to hear a successive petition to avoid a miscarriage of justice if the petitioner makes a 'strong showing of actual innocence.'"), citing United States v. Kenney, 391 Fed. Appx. 169, 172 (3d Cir. 2010). This Court will decline Petitioner's invitation to transfer his petition to the sentencing court because he filed the successive motion without permission from the court of appeals. Consequently, the United States District Court for the Southern District of New York also lacks jurisdiction. See Robinson, 313 F.3d at 139. His request to have the matter transferred directly to the Court of Appeals will similarly be denied. This does not prevent Petitioner from filing an application, on his own, in the appropriate court of appeals for an order

authorizing the district court to consider a successive section 2255 claim. See 28 U.S.C. § 2244.

**Appointment of Counsel**

On December 8, 2011, Petitioner filed a motion to appoint counsel. (Doc. 3). Although prisoners have no constitutional or statutory rights to appointment of counsel in federal habeas corpus proceedings, Coleman v. Thompson, 501 U.S. 772, 752 (1991), the court has broad discretionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require. . ." See 18 U.S.C. § 3006A(a)(2); Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a petitioner overcomes this threshold hurdle, other factors to be examined are:

(1) the claimant's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
(4) the claimant's capacity to retain counsel on his or here own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

As this Memorandum explains, the habeas petition does not have arguable merit. Accordingly, the motion for appointment of counsel will be denied. <u>See id.</u> This Court notes that the remaining factors also weigh against the appointment of counsel because Petitioner has demonstrated the ability to present comprehensible arguments, the legal issues are relatively simple, and the case does not require expert testimony.

**<u>Conclusion</u>**

Upon <u>de novo</u> review of the R&R, this Court concludes that Magistrate Judge Blewitt correctly determines that this Court does not have jurisdiction to entertain the habeas petition. Petitioner's claims are governed by 28 U.S.C. § 2255 and must be filed in the court of conviction, which is the United States District Court for the Southern District of New York. However, because Petitioner previously filed a section 2255 motion, he must obtain permission from the court of appeals before filing a successive petition, which he has not. The Magistrate Judge rightly decides that Petitioner may not proceed under 28 U.S.C. § 2241 because section 2255 is an adequate and effective remedy. Also, Petitioner fails to establish actual innocence. Petitioner's objections will be overruled, the R&R will be adopted, and the habeas petition will be dismissed. This Court will decline Petitioner's request to transfer his motion to the sentencing court or to the court of appeals. Additionally, Petitioner's motion for appointment of counsel will be denied. Based on the reasons stated herein, this Court finds no basis for the issuance of a certificate of appealability. <u>See</u> 28 U.S.C. § 2253.

A separate Order will be issued.

Date: May 10, 2012

United States District Judge